UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
UNITED STATES OF AMERICA,          )
                                   )
v.                                 )     Criminal No. 06-10170-RCL
                                   )
DARRELL ALLEN,                     )
            Defendant              )
_____)

### Order on Motion of the Defendant to Suppress Evidence

Before me is a motion of the defendant Darrel Allen to suppress a firearm and ammunition found by Boston police officers in a parked Mercedes Benz automobile that had been operated by the defendant some time before approximately 1:00 a.m. on May 28, 2005. The firearm and ammunition were found following the defendant's initial arrest for drinking on a public street in violation of an ordinance of the City of Boston.

In ruling on this motion, I have considered as evidence only the statements made in the affidavits submitted by the parties. I have specifically disregarded any purported statement of fact in the parties' briefs which is not supported by an affidavit. On that basis, I have determined that no evidentiary hearing is required, the defendant having not made a threshold showing that material facts are in dispute. S*ee United States v. Jiminez*, 419 F.3d 34, 42 (1st Cir. 2005).

On the merits, I make the following rulings.

The motion to suppress the firearm and ammunition is denied because these items inevitably would have been discovered pursuant to an inventory search pursuant to the impoundment of the Mercedes following the defendant's arrest. It was proper for the law enforcement officers involved in the arrest of the defendant to have impounded the car to protect

it from vandalism or theft, given the hour of the day and the undisputed description of the area of the defendant's arrest as one "plagued by a firearm-related violence" and one "in which car theft and car vandalism frequently occur". Affidavit of Luis Cruz, ¶¶ 3, 12-13; *see also Boston Police Department Inventory Search Policy,* 4/19/05, ¶¶ 1-4; *United States v. Ramos-Morales*, 981 F.2d 625, 626 (1st Cir. 1992) (following the arrest of a suspect, police officers may impound the suspect's car to protect the car from vandalism and theft); *Vega-Encarnacion v. Babilonia,* 344 F.3d 37, 41 (1st Cir. 2003) (noting, in the context of a civil rights action, that "where a driver is arrested and there is no one *immediately* on hand to take possession [law enforcement] officials have a legitimate non-investigatory reason for impounding the car")   (emphasis in original). Moreover, seizure of the firearm was independently justified by its discovery in plain view by Officer James Coyne. *See Brown v. Texas*, 460 U.S. 730, 740 (1983); *United States v. Jones*, 187 F.3d 210, 220 (1st Cir. 1999).

With respect to the statements at issue, I find that, with the exception of the statement that "[w]hatever you find, charge me with it," all the statements at issue were made voluntarily by the defendant following a recitation to him of *Miranda* warnings and his acknowledgment of his understanding of those warnings. *See* Affidavit of James Coyne, ¶¶ 8, 10, and 17-18*; see also* Exhibit 2 to Affidavit of James Coyne.

The clerk shall set this matter for a status conference at the earliest possible date.
SO ORDERED.

/s/Reginald C.  Lindsay
United States District Judge

DATED: February 8, 2007